Opinion issued February 20, 2003








 
 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00127-CR




JAMES TEIRON SHELLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 875348




O P I N I O N

          Appellant, James Teiron Shelley, was charged by indictment with the felony
offense of possession with intent to deliver a controlled substance, namely cocaine.
After entering a plea of not guilty, the jury found appellant guilty of possession with
intent to deliver. Appellant pled true to enhancement allegations in the indictment
of two prior convictions, and the trial court assessed punishment at 50 years’
imprisonment.
          In his first point of error, appellant asserts that the trial court abused its
discretion by not informing counsel prior to voir dire that it would allow jurors to take
notes during the trial. In his second point of error, appellant asserts that the trial court
erred in overruling appellant’s motion to suppress evidence. 
          We affirm. 
Background
          On February 20, 2001, Houston Police Officers Slater and Evans entered the
parking lot of the Tour-Inn Motel around 2:00 a.m. on a routine patrol of the area. 
The Tour-Inn Motel is a low-budget motel having a history of problems with
narcotics and prostitution. The owner of the Tour-Inn had requested on several
occasions that the officers check out the parking lot of the motel at night. 
          After pulling into the parking lot and getting out of their patrol vehicles, the
officers noticed a vehicle sitting in the lot with the engine running, with two males
asleep in the back seat and no one in the front seat. At about the same time, they
heard a commotion coming from Room 3. The officers observed appellant standing
in the doorway of Room 3; appellant seemed to be cursing and shouting with others
in the room, while holding a cell phone to his ear. The officers also noticed that
appellant had a clear plastic bag in his hand containing a substance that the officers
believed to be crack cocaine.
          Officer Evans testified that when appellant turned and saw the officers, Evans
said, “Say, man, come here,” and appellant dropped the baggie and started to run. 
Appellant only made it a short distance before Officer Slater stopped him. Officer
Evans retrieved the baggie. After placing appellant in the back of the patrol car, the
officers field-tested the white substance in the baggie, which tested positive for crack
cocaine. 
Juror Note Taking
          In his first point of error, appellant asserts that the trial court abused its
discretion by not informing counsel prior to voir dire that it would allow jurors to take
notes during the trial, and thus he was deprived of the opportunity to question the
jurors on note-taking. 
          After the jury was selected and sworn, the following discussion took place at
the bench:
[Defense Counsel]: I notice that each of the jurors have notebooks. Do
you allow note-taking?

          The Court: I’m about to talk about that.
          [Defense Counsel]: I object to any note-taking by the jurors.
          The Court: You what?
          [Defense Counsel]: I object to any note-taking by the jurors.
          The Court: That’s overruled. I’m about to give some instructions.
[Defense Counsel]: I object because the court did not inform counsel
before jury selection that you intended to allow note-taking so we could
voir dire on that issue, so I object to any note-taking.
 
The Court: You didn’t ask. I do that routinely. I have for some time,
and I will give very complete instructions. 

The trial court then instructed the jury as follows:
 
The Court: Ladies and gentlemen, I notice many of you have carried
out the notebooks that we provide. Let me tell you this: The fact that we
provide those is not an indication that you are expected to take notes. 
It’s entirely up to you. I know for some people, it helps you, it’s a good
memory aid and helps you to concentrate. So if you would like to use
those to take notes, you’re welcome to do so.
 
I want to be sure you understand at the very beginning, though, any
notes that you take are for your eyes only. Do not share your notes with
any of the other jurors or with anyone else. And I also want to be sure
you’re aware, as well, that at the conclusion of the trial, when you begin
deliberation, you will not be permitted to take your notes into the jury
room with you. We have an official court reporter. If there should be
any disagreement about the way you remember something, we want you
to rely on the official version and not what one or another juror might
have heard. So it’s to aid you, but I want to be sure you understand what
the limitations are before we even get started so you won’t be
disappointed.

          The decision to permit juror note-taking is within the sound discretion of the
trial court. Price v. State, 887 S.W.2d 949, 954 (Tex. Crim. App. 1994); Johnson v.
State, 887 S.W.2d 957, 958 (Tex. Crim. App. 1994). In order to preserve a complaint
about juror note-taking, a timely objection must be made at trial. Shannon v. State,
942 S.W.2d 591, 596 (Tex. Crim. App. 1996). Here, appellant made a timely
objection at trial, thus preserving error on this point. 
          In Price, the court outlined four cautionary steps that would allow juries the
benefits of note-taking while avoiding the inherent risks. 887 S.W.2d at 954-55. The
trial judge should (1) determine if juror note-taking would be beneficial in light of the
factual and legal issues to be presented at trial, (2) inform the parties, prior to voir
dire, if the jurors will be permitted to take notes, (3) admonish the jury, at the time it
is impaneled, on note-taking, and (4) instruct the jury in the jury charge as to the
proper use of its notes. Id. 
          After outlining these cautionary steps, the court then determined whether the
trial court had substantially complied with the steps. See id. at 955-56. In Price, the
record did not reveal whether the trial judge had informed the parties that jurors
would be permitted to take notes. Id. at 955. Notwithstanding a lack of compliance
with step two, the court found that the trial court had substantially complied with the
cautionary steps. Id. at 955-56. There was no abuse of discretion where the record
revealed that the trial judge (1) determined note-taking would benefit the jury, (2)
admonished the jury on the proper use of any notes taken at the time it was
impaneled, and (3) provided further instruction on the proper use of the jury’s notes
in the jury charge. Id.
          In this case, the record revealed that the trial judge admonished the jury
regarding note-taking at the beginning of the trial, including an admonishment that
the jurors would not be allowed to take any notes into the jury room during
deliberations. The court’s admonishments also indicated a determination that note-taking may benefit some members of the jury. Finally, although the record does not
indicate an instruction in the jury charge on the proper use of jury notes, the record
reveals that the trial court instructed the court’s deputy to collect any juror notes
before the jury retired for deliberations. We find that collection of any juror notes is
a valid alternative for providing an instruction on the use of jury notes, because there
would be no use of any notes at all during deliberation. Further, we find that the trial
court substantially complied with the cautionary steps recommended in Price. 
          We overrule appellant’s first point of error. Motion to Suppress
          In his second point of error, appellant asserts that the trial court committed
error in overruling his motion to suppress the cocaine. Specifically, he asserts that
the evidence was obtained as a result of an illegal seizure. He complains that his
freedom of movement was physically restrained without probable cause or reasonable
suspicion.
          In reviewing the trial court’s ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts, while we conduct a de novo review of the trial court’s application of
the law to those facts. Id. During a motion to suppress hearing, the trial court is the
sole trier of fact; accordingly, the trial judge may choose to believe or disbelieve all
or any part of a witness’s testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); King v. State, 35 S.W.3d 740, 742 (Tex. App.—Houston [1st Dist.]
2000, no pet.). When, as here, no findings of fact are filed, we must view the
evidence in the light most favorable to the ruling and sustain the decision if it is
correct on any applicable theory of the law. Ross, 32 S.W.3d at 855-56; King, 35
S.W.3d at 742.
          The Fourth Amendment to the United States Constitution and Article I, Section
9 of the Texas Constitution guarantee individuals the right to be free from
unreasonable seizures. U.S. Const. amend. IV; Tex. Const. art. I, § 9. A person is
considered “seized” only when a reasonable person would not believe he or she was
free to leave, and (1) when he either submits to a demonstration of authority, or (2)
physical force is used to limit movement. See Johnson v. State, 912 S.W.2d 227, 234
(Tex. Crim. App. 1995); Crawford v. State, 932 S.W.2d 672, 674 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d) (citing California v. Hodari D., 499
U.S. 621, 627, 111 S.Ct. 1547, 1551 (1991)). A verbal order to stop, unaccompanied
by submission or actual force, does not constitute a seizure. Crawford, 932 S.W.2d
at 674. 
          In order to determine reasonable suspicion for the reasonableness of a
temporary detention, we must examine the totality of the circumstances. See Woods
v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is
justified when the detaining officer has specific articulable facts, which taken
together with rational inferences from those facts, lead him to conclude that the
person detained actually is, has been, or soon will be engaged in criminal activity. 
Id. 
          The facts in Crawford are similar to those here. In Crawford, appellant was
seen acting suspiciously, near a car. See 932 S.W.2d at 673-74. When officers asked
appellant to stop, he started running and, while running, threw down a canister
containing crack cocaine. Id. The court upheld the legality of the seizure of the
cocaine because it was abandoned before appellant submitted to authority or was
subjected to physical force. Id. at 674. Abandonment of property occurs if (1) the
defendant intended to abandon the property and (2) his decision to abandon the
property was not due to police misconduct. Brimage v. State, 918 S.W.2d 466, 507
(Tex. Crim. App. 1994). 
          In this case, the record of the suppression hearing indicates that, after hearing
a commotion, the police officers turned and saw appellant. The officers observed that
appellant was holding a baggie that appeared to contain some type of narcotic
substance. The record indicates that the officers had reasonable suspicion to attempt
to detain appellant based on their observations of the baggie containing a substance
that appeared to be narcotics. When Officer Evans asked him to “come here,”
appellant dropped the baggie and ran. Officer Evans’s actions do not constitute a
seizure because Evans’s verbal order to appellant did not result in appellant’s
submission, nor was actual force used until after appellant had abandoned the baggie. 
See Crawford, 932 S.W.2d at 674. As in Crawford, appellant abandoned the baggie
before being subjected to physical force. We find that the evidence was not the fruit
of an illegal seizure and sustain the trial court’s decision to deny appellant’s request
to suppress the evidence.
          Appellant’s second point of error is overruled.

Conclusion
          We affirm the judgment of the trial court. 
                                                                                                                          
                                                             Laura C. Higley 
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Higley.
Publish. Tex. R. App. P. 47.2(b).