NUMBER 13-03-394-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG
                                                                                                                      

ANDREW CERVANTES, Appellant,

v.

THE STATE OF TEXAS ,                                                               Appellee.
                                                                                                                      

On appeal from the 232nd District Court 
of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez

          On June 5, 2003, appellant, Andrew Cervantes, was convicted of aggravated sexual
assault of a child and sentenced to fifteen years imprisonment. In four issues, appellant
contends that the trial court erroneously admitted evidence of an alleged extraneous sexual
offense with a third party, committed reversible error by failing to properly instruct the jury
on note-taking during both phases of the trial, and failed to instruct the jury on the state’s
burden of proof for extraneous offenses during the punishment phase. We disagree and
affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
          K.B., appellant’s step-grandson, accused appellant of making him perform oral sex
on June 12, 2003. During trial, the State admitted extraneous sexual offense evidence on
direct examination of T.M., appellant’s granddaughter. The trial court overruled appellant’s
objection to this evidence. Appellant did not object to the jury charge. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite additional facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. ANALYSIS
A. Extraneous Offense Evidence
          In appellant’s first issue, he contends the trial court erroneously admitted evidence
of an extraneous offense under rule of evidence 404(b). See Tex. R. Evid. 404(b). 
Specifically, appellant argues testimony that he also engaged in inappropriate conduct with
T.M. was not relevant for any purpose other than to show appellant’s propensity to commit
the offense charged. In his second issue, appellant contends, even if the evidence was
relevant under rule 404(b), the evidence was inadmissible under rule 403 because the
probative value of the evidence was substantially outweighed by the danger of unfair
prejudice. See Tex. R. Evid. 403.
1. Standard of Review
          A trial court’s admission of extraneous offense evidence is reviewed under an
abuse-of-discretion standard. Rankin v. State, 974 S.W.2d 707, 718 (Tex. Crim. App.
1998); Hernandez v. State, 52 S.W.3d 268, 281 (Tex. App.–Corpus Christi 2001, no pet.). 
We will uphold the trial court’s decision so long as the trial court properly admitted the
evidence in light of the applicable standards and its decision lies within the zone of
reasonable disagreement. Rankin, 974 S.W.2d at 718. 
2. Rule 404(b)
           Under the Texas Rules of Evidence, “[e]vidence of other crimes, wrongs or acts is
not admissible to prove the character of a person in order to show action in conformity
therewith.” Tex. R. Evid. 404(b). However, it may be admissible “for other purposes, such
as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident.” Id. Where extraneous offense evidence cannot be proven relevant
for any purpose other than propensity, it is not admissible under rule 404(b). Montgomery
v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990).
          The challenged testimony was introduced during the State’s direct examination of
T.M. The record shows that T.M. testified appellant masturbated in her presence while
maintaining eye contact with her and tried to have her touch his penis. The State argued
that evidence of appellant’s extraneous offenses with T.M. was admissible to show intent,
motive, and plan. However, nothing in the record on the details of the extraneous offense
supports the State’s conclusory argument. We do not see how this evidence was relevant
other than to establish propensity. The trial court abused its discretion in admitting this
evidence. Because of our conclusion under 404(b), we need not consider whether the trial
court abused its discretion in admitting the evidence under 403. See Tex. R. App. P. 47.1.
3. Harm Analysis
          We next consider whether the error in admitting this evidence constitutes reversible
error. Harm incurred as a result of the erroneous submission of extraneous sexual offense
evidence is non-constitutional harm, analyzed under rule 44.2(b) of the Texas Rules of
Appellate Procedure. Reyes v. State, 69 S.W.3d 725, 742 (Tex. App.–Corpus Christi
2002, pet. ref’d); see Tex. R. App. P. 44.2(b). We need only determine whether the error
has affected a substantial right of the appellant. Tex. R. App. P. 44.2(b); Nonn v. State,
117 S.W.3d 874, 881 (Tex. Crim. App. 2003). To make this determination, we must decide
whether the error had a substantial or injurious effect on the jury verdict. Id. In determining
whether the jury’s verdict was substantially or injuriously affected by the error, we should
“consider everything in the record, including any testimony or physical evidence admitted
for the jury’s consideration, the nature of the evidence supporting the verdict, the character
of the alleged error and how it might be considered in connection with other evidence in
the case.” Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also
consider the jury instructions; the State’s theory and any defensive theories; closing
arguments; voir dire, if applicable; and whether the State emphasized the error. Id. at 355-56.
          The evidence introduced at trial that supported the verdict was compelling and
included the testimony of the victim, his mother, and therapist. The victim, twelve years
old at the time of the incident, testified that his step-grandfather, appellant, told the victim
to give appellant a “blow job.” The victim complied but vomited during the incident. An
outcry witness testified the victim recounted the events. This testimony was consistent with
the victim’s testimony. The victim’s mother and his therapist testified to the victim’s
behavior and personality after the incident. A doctor testified that the symptoms the victim
exhibited supported the possibility that the victim had been sexually abused. 
          Moreover, the charge to the jury minimized the impact of the error. The charge
contained a paragraph instructing the jury that it could consider evidence of extraneous
offenses only “in determining the motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident of the defendant . . . and for no other purpose.” 
          The State did not emphasize the error in its argument. Although the State
mentioned T.M.’s testimony in its closing argument, the State did not rehash the testimony,
dwell on the testimony, or argue propensity in connection with that testimony. 
          Considering the evidence introduced at trial and various other factors, we cannot
conclude the error in admitting T.M.’s testimony of the extraneous offense affected a
substantial right of appellant. We find the error was not reversible under rule 44.2(b). 
Accordingly, we overrule appellant’s first and second issues. 
B. Juror Note-Taking
          In his third issue, appellant contends the trial court committed reversible error when
it failed to properly instruct the jury on note-taking. Although appellant categorizes this as
charge error in an apparent attempt to avoid the consequences of his failure to object at
the trial-court level, the substance of appellant’s argument shows appellant’s challenge is
to the trial court’s failure to abide by the cautionary steps outlined in Price v. State, 887
S.W.2d 949, 954-55 (Tex. Crim. App. 1994), pertaining to juror note-taking. 
          To preserve a complaint that the trial court failed to follow the cautionary steps
outlined in Price regarding juror note-taking, a timely objection must be made. Tex. R. App.
P. 33.1(a)(1); Shelley v. State, 101 S.W.3d 606, 609 (Tex. App.–Houston [1st Dist.] 2003,
pet. ref’d); Mata v. State, 939 S.W.2d 719, 726 (Tex. App.–Waco 1997, no pet.); cf.
Shannon v. State, 942 S.W.2d 591, 596 (Tex. Crim. App. 1996) (challenge to jury note-taking not preserved for review where no objection made). Here, appellant concedes he
did not object to the trial court’s failure to fully comply with the cautionary steps listed in
Price. Because appellant did not properly preserve this complaint for our review, we
overrule appellant’s third issue. 
C. Charge Error
          In his fourth issue, appellant contends he was egregiously harmed by the trial
court’s failure to instruct the jury at the punishment phase on the State’s burden of proof
concerning extraneous offenses. This error, appellant contends, resulted in the jurors’
improper treatment of evidence of extraneous offenses. 
1. Standard of Review
     Article 36.19 prescribes the manner in which jury charge error is reviewed on
appeal. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); see Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985). First, we must determine whether error
exists in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996);
Morris v. State, 89 S.W.3d 146, 152 (Tex. App.–Corpus Christi 2002, no pet.). Second,
we must determine whether sufficient harm was caused by the error to require reversal.
 Hutch, 922 S.W.2d at 170. 
     The degree of harm necessary for reversal depends on whether the error was
preserved. Id. Error properly preserved by an objection to the charge will require
reversal "as long as the error is not harmless." Almanza, 686 S.W.2d at 171. However,
when the charging error is not preserved, a greater degree of harm is required. Hutch,
922 S.W.2d at 171. This standard of harm is described as "egregious harm." See
Almanza, 686 S.W.2d at 171; Ponce v. State, 89 S.W.3d 110, 118 (Tex. App.– Corpus
Christi 2002, no pet.). Errors that result in egregious harm are those that affect "the
very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a
defensive theory." Almanza, 686 S.W.2d at 172; Ponce, 89 S.W.3d at 118. When
conducting a harm analysis, the reviewing court may consider the following four factors:
(1) the charge itself; (2) the state of the evidence including contested issues and the
weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant
information revealed by the record of the trial as a whole. Bailey v. State, 867 S.W.2d
42, 43 (Tex. Crim. App. 1993).
     The record shows the appellant did not raise any objections to the jury charge in
either phase of the trial. Thus, we consider whether the trial court committed error in
the charge and whether the error, if any, resulted in egregious harm to appellant.2. Burden of Proof
          According to article 37.07, section 3(a) of the code of criminal procedure, the jury
may consider extraneous offense testimony only where the State has shown beyond a
reasonable doubt that the defendant committed such extraneous offenses. Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004); Huizar v. State, 12 S.W.3d
479, 483-84. It is the trial court’s duty to instruct the jury on this standard, even in the
absence of a request by the defendant to do so. Huizar, 12 S.W.3d at 484. The trial
court’s failure to include an instruction as to this reasonable doubt standard is error. Id.
          Here, the record shows evidence of extraneous offenses was admitted during the
punishment phase. The trial court properly instructed the jury on the reasonable doubt
standard in the culpability phase, yet failed to do so in the punishment phase. The trial
court’s failure to properly instruct the jury was error. 
          Having found error, we next determine whether the appellant suffered harm
sufficient enough to require reversal. Hutch, 922 S.W.2d at 170; see also Arline v. State,
721 S.W.2d 348, 351 (Tex. Crim. App. 1986). Because the appellant admittedly failed to
preserve error as to this point, “we reverse only if the error is so egregious and created
such harm that appellant has not had a fair and impartial trial.” Ponce, 89 S.W.3d at 118
(citing Almanza, 686 S.W.2d at 172; Guerrero v. State, 820 S.W.2d 378, 384 (Tex.
App.–Corpus Christi 1991, pet. ref’d)). 
          When the jury assesses the minimum punishment authorized by law, any error in
the punishment phase of the trial is harmless. Lehman v. State, 792 S.W.2d 82, 88 (Tex.
Crim. App. 1990); Tollett v. State, 799 S.W.2d 256, 260 (Tex. Crim. App. 1990). The
proper range of punishment for a conviction of aggravated sexual assault of a child is five
to ninety-nine years or life imprisonment, and/or a fine not to exceed $10,000. Tex. Pen. 
Code Ann. § 12.32 (Vernon 2003). The jury found an enhancement paragraph was true,
raising the minimum punishment to fifteen years imprisonment. See Tex. Pen. Code Ann.
§12.42(c)(1) (Vernon Supp. 2004). Having assessed punishment at fifteen years
imprisonment, the jury chose the minimum sentence authorized by law. Therefore,
appellant was not harmed by the error during the punishment phase of the trial. 
Accordingly, appellant’s fourth issue is overruled.
III. CONCLUSION
          We affirm the judgment of the trial court.
 

                                                                                                                       
                                                                                      ROGELIO VALDEZ,
                                                                                      Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered
and filed this 19th day of August, 2004.