Opinion issued March 29, 2007 

 














In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00713-CR






SEAN PATRICK BRADY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1016815






MEMORANDUM OPINION

 Appellant, Sean Patrick Brady, appeals a judgment that convicted him of
possession of a controlled substance, cocaine, less than one gram. See Tex. Health
& Safety Code Ann. § 481.115(b) (Vernon 2004). After the trial court denied a
pretrial motion to suppress evidence, appellant pleaded guilty pursuant to a plea
bargain. In accordance with the plea bargain, the trial court deferred adjudication of
guilt, placed appellant on deferred adjudication community supervision for two years,
and imposed a $750 fine. In three issues, appellant contends that the trial court erred
in overruling his motion to suppress evidence in violation of (1) the Fourth and
Fourteenth Amendments of the United States Constitution, (2) Article I, section 9 of
the Texas Constitution, and (3) article 38.23 of the Texas Code of Criminal
Procedure. We conclude that the trial court did not abuse its discretion by overruling
appellant's motion to suppress evidence. We therefore affirm.

Background

 On February 15, 2005, a Houston police officer was working an approved extra
job patrolling a Houston subdivision. The officer had worked for the Houston Police
Department (HPD) for 26 years, and, of those, had spent 19 years in the Narcotics
Division at the time of the incident. At approximately 2:00 a.m., he received a call
on his cell phone informing him that a car was backed into a driveway with the motor
running and two individuals inside the vehicle. The subdivision had recently had
several vehicle burglaries.

 When the officer arrived at the indicated address, he saw a car that matched the
earlier description. As relayed in the phone call, the car was parked with the engine
running, the lights were off, and two individuals were reclined in the front seats. The
officer parked at the end of the driveway, approximately ten yards from the car,
partially blocking the driveway. The driveway did not have a gate, brick wall, or any
other structure blocking the driveway area. He did not take notice of the license plate
to ascertain the car's relation to the address. The officer walked up the driveway and
shined a light towards the car. Both individuals sat up in a "startled" manner. The
officer walked to the passenger side of the car as both individuals began to get out of
the car. The individual on the passenger side was the appellant and the individual on
the driver's side was Alexander Timbrook, the owner of the car and a resident at that
address. 

 As appellant and Timbrook were getting out of the car, the officer shined his
light in the passenger's side of the car and noticed a bag on the floorboard with a
green substance that he suspected was marijuana, based on his training and
experience. He also smelled the odor of marijuana coming from the car. The officer
then asked appellant and Timbrook to put their hands on the hood of the car. In
response to the officer's questions, appellant and Timbrook stated that the green
substance in the bag was marijuana. The officer immediately arrested appellant and
Timbrook and "read them their Miranda warning rights." Both men understood their
rights, and in response to further questioning by the officer stated that there was more
marijuana in the car. The officer did not handcuff appellant or Timbrook, but instead
instructed them to remain at the front of the car with their hands on the hood.

 The officer found "several other bags of marijuana and some pills" during the
subsequent search of the car. The officer searched appellant after he had seen and
smelled the marijuana. Cocaine was found on a credit card in the appellant's wallet. 

 Appellant filed a motion to suppress evidence. In his written motion, appellant
asserted that "the stop, search and detention were conducted without a warrant" and
were thus unreasonable, unless the State established an exception to the warrantless
search. Appellant contended that "the admission of any evidence obtained as a
violation of his right against unreasonable searches and seizures" violated his rights
under the Fourth and Fourteenth Amendments of the United States Constitution,
Article I, section 9 of the Texas Constitution, and article 38.23 of the Texas Code of
Criminal Procedure. At the hearing on appellant's motion to suppress, the State
asserted (1) that appellant was arrested for possession of marijuana after the officer
smelled marijuana coming from the car and marijuana was found in plain view on the
floorboard of the car, and (2) that the wallet containing the card with cocaine on it
was seized as part of a lawful arrest. The only argument advanced by appellant in
support of the motion was that "there was no testimony of the card or anything." 
After the motion was denied by the trial court, appellant pleaded guilty to the offense. 
Neither party requested the court make findings of fact in connection with its ruling
on the motion to suppress.

Motion to Suppress Standard of Review

 In reviewing the trial court's ruling on a motion to suppress evidence, we apply
a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Blake v. State, 125 S.W.3d 717, 722 (Tex. App.--Houston [1st Dist.]
2003, no pet.). We give almost total deference to the trial court's determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court's application of the law to those facts. Carmouche, 10 S.W.3d at 327. If,
after a hearing on a motion to suppress, the trial court does not file findings of fact,
as here, we view the evidence in the light most favorable to the trial court's
determination and we assume that the trial court made implicit findings of fact in
support of its determination if those findings are supported by the record. State v.
Gray, 158 S.W.3d 465, 467 (Tex. Crim. App. 2005) (citing State v. Ross, 32 S.W.3d
853 (Tex. Crim. App. 2000)). However, if the trial court's determination is correct
on any theory of law applicable to the case, we will uphold the determination. Id. 

Seizure of Appellant's Person

 In his three issues on appeal, appellant claims that the evidence was illegally
obtained as a result of his unlawful detention. Specifically, appellant contends that
appellant "was seized by [the officer] immediately upon his arrival at [the scene]." 
Appellant frames the issue as whether the officer had the "reasonable suspicion
necessary for the detention, search and arrest of Appellant" when he arrived at
Timbrook's house in response to the call that he received on his cell phone.

 There are three categories of interaction between police officers and civilians:
(1) encounters, (2) investigative detentions, and (3) seizures. State v. Perez, 85
S.W.3d 817, 819 (Tex. Crim. App. 2002); Pennywell v. State, 127 S.W.3d 149, 152
(Tex. App.--Houston [1st Dist.] 2003, no pet.). In an encounter there is no seizure
of the person, but in both a detention and an arrest, there is. Pennywell, 127 S.W.3d
at 152. An officer needs no justification for an encounter because it does not involve
a seizure, and therefore does not implicate the Fourth Amendment. See id. "A person
is considered 'seized' only when a reasonable person would not believe he or she was
free to leave, and (1) when he either submits to a demonstration of authority, or (2)
physical force is used to limit movement." Shelley v. State, 101 S.W.3d 606, 610
(Tex. App.--Houston [1st Dist.] 2003, pet. ref'd).

 Here, appellant contends that a seizure occurred when the officer arrived at
Timbrook's house. Appellant asserts that the officer "parked his own car so that it
blocked any ingress or egress of any vehicle from the driveway." Appellant also
asserts that as the officer approached the car, which was "lawfully parked on the
private driveway of [] Timbrook's home," he "shined his flashlight on Appellant and
Timbrook, ordered them out of the car, and directed them to stand with their hands
on the hood of the car until other units arrived 'a while later.'"

 Under the appropriate standard of review, however, we must view the evidence
in the light most favorable to the trial court's decision. See Gray, 158 S.W.3d at 467. 
The officer testified that his car was only partially blocking the driveway. When the
officer observed the suspected marijuana on the floorboard of the car and smelled the
odor of marijuana, the officer had not spoken to either of the occupants of the car, nor
had he done anything but shine his flashlight into the car. Appellant and Timbrook
were not ordered out of the car, but got out of it on their own. There had been neither
a show of authority nor an application of force by the officer. See Shelley, 101
S.W.3d at 610. Under these circumstances, we conclude that a reasonable person
would not believe he or she was not free to leave. See id. Therefore, we hold that
appellant was not seized by the officer when the officer arrived at Timbrook's house. 
See also Perez, 85 S.W.3d at 819 (holding encounter, and not detention, occurred
when officer slowed down to take better look at appellant, appellant fled inside
apartment, officer followed and knocked on door, and officer smelled marijuana when
appellant opened door). After the officer observed the suspected marijuana, he had
probable cause to arrest appellant and conduct the search of his person that led to the
seizure of the cocaine. See Gray, 158 S.W.3d at 470 (noting that search of appellant
incident to lawful arrest was authorized); Davis v. State, 74 S.W.3d 90, 96 (Tex.
App.--Waco 2002, no pet.) (holding probable cause to arrest existed when marijuana
cigarette in plain view was proximate and accessible to appellant); Joseph v. State,
3 S.W.3d 627, 634 (Tex. App.--Houston [14th Dist.] 1999, no pet.) (stating that
"[t]he odor of marijuana may, by itself, supply probable cause for a warrantless
arrest" and that search of appellant's wallet following that arrest was lawful);
Hillsman v. State, 999 S.W.2d 157, 163 (Tex. App.--Houston [14th Dist.] 1999, pet.
ref'd) (holding that probable cause for warrantless arrest existed when officer saw
what officer believed to be crack cocaine that was in plain view in appellant's
vehicle); Carr v. State, 904 S.W.2d 882, 885 (Tex. App.--Eastland 1995, pet. ref'd)
(holding smell of marijuana gave probable cause to make warrantless arrest). We
hold that the trial court did not abuse its discretion by overruling the motion to
suppress filed by appellant. 

 We overrule appellant's three issues.

Conclusion

 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).