Opinion issued August
31, 2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

No. 01-09-00530-CR

No. 01-09-00531-CR

———————————

Zalandtrice marquise lewis, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 178th District
Court 

Harris County, Texas



Trial Court Case Nos. 1150487 & 1150488

 



 

MEMORANDUM OPINION

          After
the trial court denied his motion to suppress, Zalandtrice Marquise Lewis pled
guilty to possession of codeine[1] and to
possession of cocaine with the intent to deliver.[2]  He also pled true to a prior felony
enhancement paragraph in each indictment.[3]  Pursuant to his plea agreement, he was
sentenced to twenty years in prison on both cases, to run concurrently.  We determine whether the trial court abused
its discretion in denying appellant’s motion to suppress.  We affirm. 

Background

          Appellant, driving alone in his own vehicle, was pulled over by Houston
Police officers after they saw him speed, swerve and hit the right curb, and
then swerve into the left lane, almost hitting another car.  Thinking that appellant might be intoxicated,
officer Juan Rangel activated his emergency lights and appellant slowed to
about 10 to 15 miles per hour, and, some one-half mile later, pulled over. 

As Rangel
approached the driver’s side of the car, he saw appellant reach toward the back
seat and noted that appellant kept nervously looking over his shoulder.  When appellant rolled down the driver’s side
window, Officer Rangel smelled raw unburnt marijuana emanating from inside the
vehicle.  Illuminating the car’s front
ashtray with his flashlight, Rangel saw a “long and skinny” “joint,” a
“marijuana cigar,” curved and thinner than a regular cigar.  To Rangel, the joint appeared to have “just
been prepared” and made from a cigar that had been altered by having its
tobacco replaced with marijuana.[4]   

Rangel
ordered appellant out of the car, believing, based on the odor of marijuana and
the appearance of the joint, that it was marijuana.  Appellant opened the door and announced, “I’m
an informant for HPD narcotics.”  Rangel believed
appellant was trying to divert his attention, asked appellant to
turn around, and informed him that he was being arrested for possession of
marijuana.  When Rangel sought to
cuff him, appellant struck the officer in the chest, and ran away. Rangel
caught him and, subsequent to a struggle requiring the assistance of Rangel’s
partner, Officer Taiwan Parker, appellant was arrested.



          A
clear plastic bag containing marijuana and $1,995 in cash was found in the
pockets of appellant’s jeans, and the inventory search of the vehicle attendant
to his arrest produced a bottle of codeine cough syrup, 68 grams of crack
cocaine, and 202.4 grams of powder cocaine.

          Appellant
was charged, in two separate indictments: for possession of at least 400 grams
of codeine with the intent to deliver and possession of 200-400 grams of
cocaine with the intent to deliver, both enhanced by his prior felony
conviction.  Motions to suppress
asserting no probable cause for arrest were heard in both cases, at which
appellant called officers Rangel and Parker. 
Appellant did not testify. The trial court denied the motions to
suppress and appellant subsequently pled guilty in both cases pursuant to a
plea bargain.[5]  

Motion to Suppress

 

          In
three issues, appellant complains about the trial court’s denial of his motions
to suppress, asserting that the trial court erred in denying the motion to
suppress in violation of (1) the Fourth Amendment to the United States
Constitution, (2) Article I, § 9 of the Texas Constitution, and (3) article
38.23 of the Texas Code of Criminal Procedure.[6]  Appellant argues all three issues together
and does not provide a specific discussion or analysis under any provision
other than the Fourth Amendment.  In his
unitary argument, appellant asserts that there was no probable cause to arrest
him and therefore the evidence found in the subsequent inventory search of his
vehicle should have been suppressed as “fruit of the poisonous tree.”[7]  See
State v. Iduarte, 268 S.W.3d 544, 550 (Tex. Crim. App. 2008) (recognizing
the “fruit of the poisonous tree” doctrine under which even indirect products
of Fourth Amendment violations are excluded).[8] 

We review a trial court’s decision
denying a motion to suppress for an abuse of discretion, under a bifurcated
standard of review, giving almost total deference to the trial court’s
determination of historical facts that depend on credibility and reviewing de
novo the trial court’s application of the law to those facts.  See
Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  In a suppression
hearing, the trial judge is the sole trier of fact and judge of the credibility
of the witnesses.  Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).  When, as here, the trial court makes no
explicit findings of historical fact, we review the evidence in the light most
favorable to trial court’s ruling, and assume the trial court made implicit
findings of fact supported in the record.  See Balentine, 71 S.W.3d at 768.  

          Although
listing three issues on appeal, appellant raises only one argument.  Appellant acknowledges that, under
well-established authority, the odor of marijuana coming from his vehicle gave
Officer Rangel probable cause to search
appellant’s vehicle.  See United States v. Johns, 469 U.S.
478, 482, 105 S. Ct. 881, 884 (1985).  But appellant asserts that probable cause
to search is distinct from probable cause to arrest, and he argues that while
Rangel had probable cause to search the
vehicle, Rangel did not have probable cause to arrest him for possession of marijuana.  In support of his argument, appellant cites State v. Steelman, 93 S.W.3d 102 (Tex.
Crim. App. 2002), for the proposition that odor of marijuana is insufficient to
provide probable cause for a warrantless arrest.[9]  He further asserts that the officer’s view of
the suspected marijuana in his car did not provide probable cause to arrest
because the officer could not be sure that the “joint” contained marijuana
without actually smelling it. Appellant provides no authority for the latter
contention.[10]


In order
to establish probable cause to arrest, the evidence must show that, at the time
of the arrest, “the facts and circumstances within the officer’s knowledge and
of which he had reasonably trustworthy information were sufficient to warrant a
prudent man in believing that the arrested person had committed or was
committing an offense.”  Steelman, 93 S.W.3d at 107 (quoting Beverly v. State, 792 S.W.2d 103, 105
(Tex. Crim. App.  1990)) (internal
quotations omitted).  In other words,
probable cause to search requires evidence that a crime has been committed or
is being committed in some particular place, while probable cause to arrest requires
evidence that a crime has been committed or is being committed by a particular
person.  See Parker v. State, 206 S.W.3d 593, 596–97 (Tex. Crim. App.
2006).   Thus the first portion of a
probable cause analysis, whether there is evidence that a crime has been or is
being committed, is identical as to both probable cause to search and probable
cause to arrest.  See id. at 596.  It is only in the second portion of the
probable cause analysis—whether the probable cause points to a particular place
(permitting a search) or to a particular person (permitting an arrest)—that
probable cause to search and probable
cause to arrest differ.  Id.

In Steelman, officers smelled the odor of
marijuana coming from inside a house after the door was opened, entered the
home without consent, and arrested all persons inside.  Steelman,
93 S.W.3d at 104.  In holding that the
officers did not have probable cause to arrest the man who opened the door for
possession of marijuana without a warrant, the Court of Criminal Appeals stated
that the smell of burning marijuana coming from a house in which several people
were present, standing alone, did not give officers probable cause to believe
that the man who had opened the door had committed the offense of possession of
marijuana in their presence.  Id. at 108.  The court noted that an arresting officer
“must have specific knowledge that the person to be arrested has committed the
offense” and that, in that case, the officers “had no idea who was smoking or
possessing marijuana, and they certainly had no particular reason to believe
that [Steelman] was smoking or possessing marijuana.”  Id.
at 108, 109.  

The Court
of Criminal Appeals has subsequently clarified that Steelman does not stand for the proposition that the odor of marijuana
was insufficient to establish probable cause to believe that someone had
committed or was then committing the offense of possession of marijuana. See Parker, 206 S.W.3d at 598; Estrada v. State, 154 S.W.3d 604, 608 (Tex. Crim. App. 2005). Rather,
Steelman simply stands for the well-established
principle that, in order for there to be probable cause to arrest, the evidence
must “point like a beacon to the specific person to be arrested,” and that the
odor of marijuana coming from a house with multiple people inside, standing
alone, was insufficient to establish that the particular person arrested had
committed an offense in the officer’s presence. 
Parker, 206 S.W.3d at 597, 598; Estrada, 154 S.W.3d at
608. Moreover, the Parker court noted, the odor of marijuana
alone could be dispositive to establish probable cause in some circumstances,
and the odor of marijuana could also be used as a factor, along with other
facts, that, viewed in their totality, could lead a reasonable officer to
conclude, with a fair probability, that a crime was being committed.  Parker,
206 S.W.3d at 599–600. 


In the
present case, the evidence established that appellant was the only person in
the car at the time that the odor of marijuana was detected and that a
suspected marijuana joint was seen near appellant.   Although appellant argues that the suspected
marijuana joint could not supply probable cause to arrest unless the officer
actually knew that it was marijuana by a confirming smell test, the U.S.
Supreme Court has held that an officer need not have actual confirmation of the
illegality of a substance in order to have probable cause.  See
Texas v. Brown, 460 U.S. 730, 741–42,
103 S. Ct. 1535, 1543 (1983) (holding that probable cause merely requires that
facts available to officer would warrant man of reasonable caution to believe
that items are contraband; probable cause did not require showing that such
belief was correct or more likely true than false; and police officer did not
have to have “near certainty” or “know” that items were contraband in order to
have probable cause); see also Delgado v.
State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986) (stating, in upholding
warrantless arrest for possession of heroin thought to be in hypodermic
syringe, “The standard is ‘probable cause,’ not ‘proof beyond a reasonable
doubt.’ Thus the fact that the hypodermic syringe . . . later was shown not to
contain a controlled substance . . . is of no consequence.”)  Accordingly, Rangel was not required to
confirm that the suspected joint actually contained marijuana before he could
have probable cause to arrest appellant for possession of marijuana.  See Delgado,
718 S.W.2d at 721.

Under the
totality of the circumstances of this case, the evidence was “sufficient to
warrant a prudent man in believing that [appellant] had committed or was
committing” the offense of possession of marijuana. We hold
that the trial court did not abuse its discretion in denying appellant’s motion
to suppress, and we overrule all three of appellant’s issues. 

Conclusion

We affirm the judgment of the trial court in each cause number.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 




 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]
              Trial court cause number 1150487; appellate court
cause number 01-09-00530-CR. See Tex. Health & Safety Code Ann. §§
481.114(a),(e) (Vernon 2010), 481.105 (Vernon 2010)(more than 400 grams).

 





[2]           Trial court cause number 1150488; appellate court cause
number 01-09-00531-CR.  See Tex.
Health & Safety Code Ann. §§ 481.112(a), (e), 481.102 (3)(D) (Vernon
2010)(more than 200 grams and less than
400 grams). 

 





[3]
              See Tex. Penal Code Ann.  §
12.42 (c)(1) (Vernon Supp. 2009).

 





[4]               Rangel testified that he had
considerable experience as a police officer in recognizing the odor of marijuana
and recognizing marijuana joints.





[5]
              Several months later,
after the trial court’s jurisdiction had expired over the case, appellant filed
motions in the trial court requesting the court to file findings of fact and
conclusions of law regarding the motions to suppress in both cases.  The trial court denied the request.  Appellant does not complain on appeal about
the trial court’s denial of his request, nor has he requested that we abate
this appeal and order the trial court to enter such findings.  

 





[6]
              See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005) (“No evidence obtained by an officer or
other person in violation any provisions of the Constitution or laws of the
State of Texas, or of the Constitution or laws of the United States of America,
shall be admitted in evidence against the accused on the trial of any criminal
case.”).

 





[7]               Appellant
does not raise any other challenge to the inventory search.  

 





[8]
              However, the court of criminal appeals also noted
that evidence should not be classified as fruit requiring exclusion merely
because it would not have been discovered “but for” the primary violation and
that the more apt question was whether
the evidence objected to came as a result of the exploitation of that
illegality or by a different means that was sufficiently distinguishable so as
to be purged of the primary taint.  State v. Iduarte, 268 S.W.3d 544, 550–51
(Tex. Crim. App. 2008).

 





[9]
              Under state law, an officer may arrest a person
without a warrant only if (1) probable cause for the arrest exists and (2) at
least one of the statutory exceptions to the warrant requirement is met. See McGee v. State, 105 S.W.3d 609, 614
(Tex. Crim. App. 2003).  Appellant challenges only the first of these
two requirements.  However, we note that an
officer may arrest a person without a warrant for any offense committed in his
presence or within his view. Id.; see also Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005).

 





[10]
            Appellant’s sole citation for this argument is Shelley v. State, 101 S.W.3d 606, 611
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). In Shelley, we held that officers had reasonable suspicion to detain a
person based on their observation that the person was carrying a baggie that appeared
to contain narcotics.  Id. 
Shelley did not involve a
question of probable cause to arrest and does not support appellant’s
contention that such evidence would not provide probable cause to arrest.  Probable cause to arrest was simply not an
issue before us in Shelley.