Michael Dwayne **PRODHOMME**,
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–441–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 1, 1992.

---

Henry Oncken, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Asst. Dist. Atty., Houston, for the State.

Before GILBERTO HINOJOSA, DORSEY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted appellant, Michael Prodhomme, of possession of cocaine, a controlled substance listed in penalty group 1. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.-115(b) (Vernon 1989). Punishment was assessed by the jury at thirty years' confinement in the penitentiary. By one point of error, appellant complains of ineffective assistance of counsel. We affirm.

On the night in question, appellant and four other men were standing on a street corner by a car in Houston's "Fifth Ward." It was late, approximately one-thirty in the morning. A slight chill was in the air, and several of the men had their hands in coat pockets. Appellant and the others were standing on the sidewalk next to the car, on the passenger's side, talking to the driver. One officer admitted that these men were not violating any laws and were doing nothing suspicious.

Several police cars rapidly converged on the men with their white "take down" lights on. No explanation was given for the decision to move in, other than for the officer's "personal safety," and a suspicion of hitchhiking.[1]

The police officers exited the vehicles and ordered all persons to "stop." Appellant began walking away from the officers. Appellant was told again to stop, and one officer illuminated him with a flashlight. As appellant began running, he removed his hands from his jacket and discarded a matchbox. It was recovered by one of the police officers, and found to contain approximately 175 milligrams of cocaine.

A chase ensued and appellant was caught. He was charged with possession of cocaine.

Before trial, appellant's attorney did not timely file a motion to suppress the cocaine. During trial, appellant's attorney did not object to the admission of the cocaine on State or Federal Constitutional grounds; nor did he raise objection to any mention of the cocaine by the police officers. Counsel only moved to suppress the cocaine after it had been admitted. The motion was denied.

Appellant's sole point complains that counsel's performance was ineffective because he did not properly raise and preserve the Fourth Amendment issue at trial. No state constitutional claims are raised, and therefore we expressly decline to address them. *See generally Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991).

 In our review of appellant's ineffective assistance claim, we are guided by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* established a two part test to determine whether counsel's representation was so deficient that a new trial is re-

---

1. The hitchhiking statute, TEX.REV.CIV.STAT.ANN. art. 6701*d* § 81 (Vernon 1989) provides:

 (c) A person may not stand in a roadway for the purposes of soliciting a ride, contributions, employment or business from the occupant of any vehicle, except that a person may stand in a roadway to solicit charitable contributions if authorized to do so by the local authority having jurisdiction over the roadway.

 The State admitted no evidence that appellant was standing **in a roadway**. Moreover, there is no evidence that these citizens were a threat to the personal safety to the officers, particularly when the officers were in their vehicles before this encounter.

quired. To receive a new trial, the defendant must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. The defendant must also show that "counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.* Texas law requires that counsel's performance must be "reasonably effective." *Solis v. State,* 792 S.W.2d 95, 98 (Tex.Crim.App.1990). The totality of counsel's representation is reviewed, and not merely isolated errors. *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Crim.App. 1986). However, a single error may be so serious that a new trial is required to vindicate the defendant's Sixth Amendment right to counsel.

■ Counsel's failure to object to admissible evidence is not deficient performance. *Cooper v. State,* 707 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). If the cocaine was not subject to suppression on Fourth Amendment grounds, then trial counsel's performance was not deficient in this respect.

■ The Fourth Amendment is implicated when an arrest or seizure occurs. *See United States v. Mendenhall,* 446 U.S. 544, 551–52, 100 S.Ct. 1870, 1875–76, 64 L.Ed.2d 497 (1980). However, much police conduct does not implicate the Fourth Amendment. For example, police are permitted to approach a person without probable cause or reasonable suspicion and to ask questions and even to request consent to search. *See Id.; see also Florida v. Royer,* 460 U.S. 491, 497–98, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). In such cases the citizen is free to ignore the police officer or to walk away. *Id.; Mendenhall,* 446 U.S. at 551–52, 100 S.Ct. at 1875–76 (Citing *Terry v. Ohio,* 392 U.S. 1, 31–34, 88 S.Ct. 1868, 1885–86, 20 L.Ed.2d 889 (1968) (Harlan J. concurring)).

■ The issue in this case is whether a Fourth Amendment seizure occurred at or before appellant threw the matchbox full of crack cocaine. We find this question was recently answered negatively by the Supreme Court of the United States in *California v. Hodari D.,* —— U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

In *Hodari D.,* the defendant and others were present on a street by a car. An unmarked police vehicle approached and they fled. One officer exited the vehicle and attempted to cut off the defendant by running down a side street. The defendant, who was looking behind, did not see the officer closing from the front. When he did see the officer, he threw down a rock of crack cocaine and attempted to escape. The officer tackled the defendant.

The issue on appeal was whether the defendant had been seized before he threw down the cocaine. The Supreme Court of the United States held that appellant had not been seized before the cocaine was abandoned, thus the seizure of the cocaine was legal.

Before *Hodari D.* it seemed well settled that a seizure of a person occurs if a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); *see also Michigan v. Chesternut,* 486 U.S. 567, 573, 108 S.Ct. 1975, 1979, 100 L.Ed.2d 565 (1988); *INS v. Delgado,* 466 U.S. 210, 215, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984); *Florida v. Royer,* 460 U.S. 491, 502, 103 S.Ct. 1319, 1326, 75 L.Ed.2d 229 (1983). Texas authority follows *Mendenhall. See Morris v. State,* 739 S.W.2d 63, 66 (Tex.Crim.App. 1987); *Russell v. State,* 717 S.W.2d 7, 10 (Tex.Crim.App.1986). However, in *Hodari D.* the Supreme Court of the United States added to the *Mendenhall* analysis. Under *Hodari D.* a defendant is seized only if a reasonable person would not believe he or she was free to leave, and 1) the defendant is subjected to a show of authority and he or she yields, or 2) physical force is used to limit movement. *Hodari D.,* —— U.S. at ——, 111 S.Ct. at 1551. Thus, the *Hodari D.* Court upheld the legality of the seizure of the cocaine because it was abandoned before the defendant submitted to authority or he was subjected to physical force.

Like *Hodari D.,* appellant was present on the sidewalk by a street conversing with

the driver of a car. He fled when the police appeared.[2] The cocaine was abandoned before any physical force was applied, and the evidence showed no voluntary submission to the order to stop. Accordingly, under *Hodari D.,* no Fourth Amendment seizure occurred before appellant's cocaine was abandoned. The search could not be suppressed on that grounds.

■ The trial court's ruling was consistent with the Fourth Amendment. Thus, trial counsel was not deficient for failing to move to suppress the evidence found in the matchbox on that basis. The first prong of the *Strickland* test is not established; consequently appellant's conviction is AFFIRMED.

---

**2.** The facts here show that the defendant fled when ordered to stop by the police. No such order to stop was given in *Hodari.* However, the *Hodari D.* Court noted that a verbal order to stop which is unaccompanied by submission or actual physical force does not constitute a seizure. *Id.* —— U.S. at ——, 111 S.Ct. at 1550. Thus, this distinction does not change the result.