**Bobby Ray SHEPPARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–93–00540–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 23, 1995.

Ken McLean, Roy G. Romo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Asst. Dist. Atty., Houston, for appellee.

Before FEDERICO G. HINOJOSA, Jr., CHAVEZ and BASS[1], JJ.

## OPINION

CHAVEZ, Justice.

Appellant was assessed a sentence of 65 years in prison after being convicted for possession of cocaine with the intent to distribute. Appellant complains that the trial court erred in admitting the cocaine into evidence over his objection that the cocaine was seized after he was detained without reasonable suspicion in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution. We find the trial court did not err and affirm the judgment.

Three Houston police officers were on patrol in an area well known for drug trafficking and drug use. Although dressed in full raid gear, they were riding in an unmarked vehicle which was well known to be used in undercover work. While traveling through the 2300 block of Austin Street, Officer Rex Gates, the driver, observed two male persons exchanging some items. The two men saw the officers and one of them immediately took off running. Gates stopped the vehicle, believing from his training and experience that a drug transaction had just occurred, and walked towards the individual who did not run. As he approached the individual, he saw him throw an item which landed some six feet away from him. Another officer picked up the item and handed it to Gates. The item was a metal crack pipe that was still warm, indicating recent use. The police then arrested and handcuffed the individual, appellant herein.

By his sole point of error, appellant claims that the trial court erred in allowing the admission of the cocaine because he was seized without the requisite reasonable suspicion and that the the pipe and chunks of cocaine were the fruits of an illegal seizure. Appellant contends that he was seized when Officer Gates told him to "[j]ust sit tight, bud," and that it was thereafter that the pipe

was found and he was searched. The question, then, is when was the appellant seized?

■ The United States Supreme Court holds that a person is seized only when a reasonable person would not believe he or she was free to leave, and 1) the defendant is subjected to a show of authority and he or she yields or 2) physical force is used to limit movement. *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

In *Hodari D.*, the defendant and others fled when they saw an unmarked police car approach them, and during the chase, defendant threw down a rock of crack cocaine before being captured. There, the legality of the seizure was upheld because defendant abandoned the cocaine before he was subjected to physical force and arrested.

Appellant asserts that he was seized under the test of *Hodari D.* because he was seized before the officer saw the pipe being thrown. Appellant apparently contends this occurred when the officers, in full raid gear, approached and subjected him to a show of authority, and he felt he was not free to leave. Further, he complied with Gates' admonishment to "stay put" by not running off like his companion did. The facts of the case do not support appellant's contentions.

■ Officer Gates testified as follows:

... I stopped right next to him, I bailed—I exited the vehicle, I walked towards the suspect. He looks me dead in the eye and he's holding—I can't tell what it is then, but it's something small and metal, and he throws it.

Gates further testified that he told his partner, Officer Jeffrey, that the suspect had thrown something, which Jeffrey retrieved and then handed to Gates. Gates saw that the item thrown was a pipe and that it was warm, from which he concluded that it had just recently been used. Officer Gates then told appellant, "Just sit tight, bud. Just hang on so I can figure out what you threw." It is clear, therefore, that appellant had al-

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

GOV'T CODE ANN. § 74.003 (Vernon 1988).

ready abandoned the crack pipe before the statement was made. Otherwise, why would Gates tell him to "hang on *so I can figure out what you threw*?" (emphasis ours). Thus, the testimony indicates that the officer did nothing but walk towards appellant and that Officer Gates made the statement after the pipe was thrown. Therefore, appellant could not have been seized before the statement was made or the pipe was retrieved.

■ Even if the statement were made immediately prior to or simultaneously with the discarding of the pipe, we find that the officer was justified in making a brief detention for investigative purposes. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968) (an officer may, in appropriate circumstances, approach a person for purposes of investigating possibly criminal behavior, even though there is no probable cause to make an arrest). It was well known to the officers that this was an area for narcotic trafficking and use. The officers were trained and experienced. Gates saw what appeared to be a drug transaction in progress and then saw one of the individuals take off. Officer Gates stopped his vehicle right next to the individual who remained, and as he proceeded to walk towards the him, the pipe was thrown. The officer was two feet away from him at that time. Seizure of the pipe, therefore, could be done without violating the defendant's constitutional rights. *See Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App.1974) (heroin recovered from ground where appellant had thrown it and, thus, not found as result of an illegal search). This was enough for the officers to temporarily detain the defendant for purposes of further investigation. *Gearing v. State*, 685 S.W.2d 326, 327–328 (Tex. Crim.App.1985); *Ramos Meza v. State*, 736 S.W.2d 221, 222 (Tex.App.—Corpus Christi 1987, no pet.). *See also McKinney v. State*, 761 S.W.2d 549, 552 (Tex.App.—Corpus Christi 1988, no pet.). The time that must have elapsed was minimal in view of the fact that the officers were in such close proximity to appellant when they alighted from the vehicle, walked towards him, and he threw the pipe. We believe this is not enough to show that appellant was subjected to a show of authority as contemplated by *Hodari D.*

There is no question that officers are permitted to approach a person without probable cause or reasonable suspicion and ask questions and even to request consent to search. *Prodhomme v. State*, 839 S.W.2d 494, 496 (Tex.App.—Corpus Christi 1992, no pet.). Under these facts, we find that the officers did nothing to violate appellant's constitutional rights.

Because we find that the pipe was abandoned by the defendant before his detention, entitling the officers to seize it, and his subsequent arrest and search to have been lawful, we affirm the judgment of the trial court.