**James Edward CRAWFORD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–94–00743–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1996.

Discretionary Review Refused Oct. 23, 1996.

Will Outlaw, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

FOWLER, Justice.

Appellant was charged with the offense of possession with intent to deliver less than twenty-eight grams of cocaine. Tex. Health & Safety Code Ann. § 481.112 (Vernon 1992).[1] After the trial court denied his motion to suppress, appellant pled guilty and admitted true to two enhancement paragraphs. Pursuant to a plea bargain, he was sentenced to twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant claims the trial court erred in denying his motion to suppress for three reasons: (1) the police officers had insufficient articulable facts to justify a temporary detention; (2) the officers had no probable cause to arrest; and (3) his abandonment of the cocaine was the result of an illegal arrest. We affirm.

### FACTS AND PRIOR POSTURE

On March 10, 1994, Officer Carl M. Rodriguez and Officer Frank Adamec from the North Shepherd Task Force were patrolling the Greenspoint area for narcotics trafficking, robberies, burglaries, and thefts. At approximately 5:50 a.m. the officers went to an apartment complex where they saw appellant standing beside a white or light colored car. Officer Rodriguez testified it was dark outside. Appellant placed an object that was wrapped in a blanket into the car. Appellant made eye contact with the officers then quickly looked away, slamming the car door. There was another man standing beside the car and both he and appellant started walking away. The officers suspected a home invasion or theft might be occurring.

Officer Rodriguez asked the men to stop as he exited his patrol car. The other man stopped, but appellant kept walking away. Officer Rodriguez asked appellant to stop again and appellant started running. Officer Rodriguez chased appellant. While appellant was running, he placed his right hand inside his coat pocket throwing down a black and green object. Officer Rodriguez stopped appellant and patted him down. Officer Adamec retrieved the black and green object. The object was a black film canister that contained approximately seventeen assorted sizes of crack cocaine.

### STANDARD OF REVIEW

■ In reviewing a decision on a motion to suppress, the appellate court must review the evidence in the light most favorable to the trial court's ruling. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Reyes v. State,* 899 S.W.2d 319, 322 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd). At a suppression hearing, the trial judge is the sole judge of the witnesses' credibility, and the court's finding should not be disturbed absent a clear abuse of discretion. *Meek v. State,* 790 S.W.2d 618, 620 (Tex.Crim.App.1990); *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim. App.1990).

### POINTS OF ERROR

In three points of error, appellant complains the trial court erred in denying his motion to suppress. Specifically, appellant complains he was illegally detained, illegally arrested, and the cocaine was inadmissible because it was illegally seized. The facts of this case are similar to those in *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), and we conclude the holding in *Hodari D.* governs the disposition of this case.

In *Hodari D.,* the defendant and others fled when they saw an unmarked police car approach them. One officer pursued Hodari on foot. While the defendant was being chased, he threw down a rock of crack cocaine before being captured. There, the legality of the seizure was upheld because the defendant abandoned the cocaine before he was subjected to physical force and arrested.

Before *Hodari D.,* it seemed well-settled that a seizure of a person occurs if a reason-

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the health and safety code revision. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18(b). Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

able person would have believed that he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); *see also Prodhomme v. State,* 839 S.W.2d 494, 496 (Tex.App.—Corpus Christi 1992, no pet.). Texas authority follows *Mendenhall. See Morris v. State,* 739 S.W.2d 63, 66 (Tex.Crim.App.1987). However, in *Hodari D.,* the Supreme Court added to the *Mendenhall* analysis. The Court held that a person is seized only when a reasonable person would not believe he or she was free to leave, and 1) is subjected to a show of authority and he or she yields or 2) physical force is used to limit movement. *Hodari D.,* 499 U.S. at 627, 111 S.Ct. at 1551; *Sheppard v. State,* 895 S.W.2d 823, 824 (Tex.App.—Corpus Christi 1995, pet. ref'd). Thus, the Supreme Court in *Hodari D.* upheld the legality of the seizure of the cocaine because it was abandoned before the defendant submitted to authority or he was subjected to physical force. *Hodari D.,* 499 U.S. at 629, 111 S.Ct. at 1552. The Texas Court of Criminal Appeals adopted *Hodari D.* in *Johnson v. State,* 912 S.W.2d 227 (Tex.Crim.App.1995) and determined that the Texas Constitution does not extend beyond the federal seizure standard.

Not unlike *Hodari D.,* appellant was seen on a sidewalk beside his car with another companion. Appellant continued to move away from the officers when asked to stop by Officer Rodriguez, and the cocaine was abandoned before any physical force was applied. The evidence showed no voluntary submission to the order to stop. A verbal order to stop unaccompanied by submission or actual force does not constitute a seizure. *Hodari D.,* 499 U.S. at 627, 111 S.Ct. at 1551; *Prodhomme,* 839 S.W.2d at 497 n. 2. Accordingly, we uphold the legality of the seizure of the cocaine because it was abandoned before appellant submitted to anything or was subjected to physical force, and we overrule appellant's third point of error. We also overrule his first point of error because as in *Hodari D.* and *Johnson* the facts of this case show no temporary detention or seizure of any sort until after appellant abandoned the canister of cocaine. With regard to point of error two, by the time appellant was arrested—after the recovery of the canister of cocaine—the officers had probable cause to arrest him. Whether the officers had reasonable suspicion to detain appellant when they first spotted him and asked him to stop is irrelevant because appellant did not yield to the request and thus was not seized at that time. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.