NO. 12-04-00003-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ADRON THOMAS,                                            §                 APPEAL FROM THE
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW # 3

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Adron Thomas was charged with possession of less than two ounces of marijuana. After a
hearing, the trial court denied his motion to suppress the evidence. Appellant then pleaded guilty and
was sentenced to confinement for ten days. In four issues, Appellant challenges the adverse ruling
on his motion to suppress. We affirm.
 
Background
            On May 29, 2003, at about 9:08 p.m., Texas Department of Public Safety (“DPS”) Troopers
Benito Reyes and Barry Goines were completing a routine traffic stop on Interstate 20 when they
noticed a car approaching slowly in the outside lane of traffic. The speed of the car was appreciably
below the speed limit. Further, the car was in the outside lane nearest the patrol car, which was
marked and had its emergency lights activated. The troopers entered their patrol car and began to
follow the car, which they later learned was driven by Appellant. As the troopers followed, the car 
veered halfway into the inside lane and then back into the outside lane without signaling.
            Trooper Reyes, who was driving the patrol car, initiated a traffic stop by activating the
emergency lights. In response, Appellant’s car slowed and pulled onto the right shoulder of the road. 
As the car was moving onto the shoulder, the troopers noticed a plastic baggie being tossed from the
car. Trooper Reyes slowed the patrol car, and the troopers retrieved the baggie from the roadside as
they came to a stop behind Appellant’s car. After identifying the contents of the baggie as marijuana,
the troopers arrested Appellant for possession of marijuana in an amount less than two ounces.
            At the hearing on Appellant’s motion to suppress the marijuana, Trooper Reyes testified that
he and Trooper Goines stopped Appellant because they were concerned that he was either falling
asleep at the wheel or intoxicated. He also testified that, although they first focused on Appellant’s
car because of its slow speed, they stopped the car because of two occurrences: the car passed their
patrol vehicle in the outside lane while they were engaged in a traffic stop, and the car veered into
the inside lane and then back again without signaling. The State also introduced a DPS video of the
stop, which began recording when the patrol car’s emergency lights were activated. The video
showed that, while Appellant’s car was still moving, the plastic baggie of marijuana was tossed out
the passenger window of Appellant’s car.
            The trial court denied the motion to suppress. Appellant then entered a plea of guilty and was
sentenced to confinement for ten days. This appeal followed.
 
Denial of Motion to Suppress
            In four issues, Appellant contends that (1) the troopers did not have sufficient facts to justify
detaining Appellant; (2) the trial court erred in denying Appellant’s motion to suppress; (3) the trial
court erred in ruling the traffic stop was lawful; and (4) the trial court erred in holding that the
marijuana seized as a result of the traffic stop was admissible. The substance of Appellant’s
argument is that the troopers did not personally observe any conduct by Appellant that would support
an investigative detention and they had legally insufficient objective information to support the
detention. Consequently, Appellant concludes, the investigative detention of Appellant was illegal,
and the trial court should have granted the motion to suppress. 
Standard of Review
            At a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of
the witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000). When reviewing a trial court’s ruling on a motion to suppress, an appellate court
applies a bifurcated standard of review, giving almost total deference to the trial court’s
determination of historical facts and reviewing de novo the court’s application of law to those facts. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Where, as here, a trial court does not
make findings of historical fact, we review the evidence in the light most favorable to the trial court’s
ruling and assumes that the trial court made implicit findings of fact that support its ruling as long
as those findings are supported by the record. Ross, 32 S.W.3d at 855. Mixed questions of law and
fact that do not turn on the credibility and demeanor of a witness are reviewed de novo. Guzman,
955 S.W.2d at 89. Moreover, the appellate court must sustain the trial court’s ruling if it is
reasonably supported by the record and is correct on any theory of law applicable to the case. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).
Applicable Law 
            The Fourth Amendment to the United States Constitution guarantees “[t]he right of the
people to be secure in their persons, houses, papers, and effects, against unreasonable searches and
seizures.” U.S. Const. amend. IV. The Fourth Amendment is applicable to the states through the
Fourteenth Amendment. See U.S. Const. amend. XIV; Mapp v. Ohio, 367 U.S. 643, 655, 81 S. Ct.
1684, 1691, 6 L. Ed. 1081 (1961) (exclusionary rule applicable to states); Wolf v. Colorado, 338 U.S.
25, 27-28, 69 S. Ct. 1359, 1361, 93 L. Ed. 1782 (1949) (Fourth Amendment applicable to states
through Due Process Clause of Fourteenth Amendment). Similarly, Article I, Section 9 of the Texas
Constitution states that “[t]he people shall be secure in their persons, houses, papers and possessions,
from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person
or thing, shall issue without describing them as near as may be, nor without probable cause,
supported by oath or affirmation.” Tex. Const. art. I, § 9. 
             The Fourth Amendment does not extend to property that is voluntarily abandoned prior to
a seizure. Abel v. United States, 362 U.S. 217, 241, 80 S. Ct. 683, 698, 4 L. Ed. 2d 668 (1960). A
person is seized only when a reasonable person would not believe he or she was free to leave and (1)
the person is subjected to a show of authority and he or she yields or (2) physical force is used to
limit movement. California v. Hodari D., 499 U.S. 621, 628-29, 111 S. Ct. 1547, 1551-52 (1991)
(Fourth Amendment not applicable to drugs thrown down by criminal fleeing police); see also
Crawford v. State, 932 S.W.2d 672, 674 (Tex. App.-Houston [14th Dist.] 1996, pet. denied) (holding
that Hodari D. definition of “seizure” applies when interpreting Texas Constitution).
            Moreover, a police officer may lawfully stop a motorist who commits a traffic violation. 
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). To justify a stop, it is not
necessary to show a traffic violation. It is only necessary that the officer reasonably believed a
violation was in progress. See Powell v. State, 5 S.W.3d 369, 376-77 (Tex. App.–Texarkana 1999,
pet. ref’d). The failure to maintain a single lane violates Texas traffic laws. See Tex. Transp. Code
Ann. § 545.060(a) (Vernon 2002).
            A police officer also may reasonably seize an individual through the exercise of his
community caretaking function, even if there is no reasonable suspicion or probable cause that an 
offense has been committed. Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002). Because
law enforcement’s duties involve activities other than gathering evidence, enforcing the law, or
investigating crime, the Supreme Court has characterized an officer’s job as encompassing a
community caretaking function. See Cady v. Dombrowski, 413 U.S. 433, 441, 93 S. Ct. 2523, 2528,
37 L. Ed. 2d 706 (1973); Wright v. State, 7 S.W.3d 148, 151-52 (Tex. Crim. App. 1999) (applying
community caretaking exception). An officer “may stop and assist an individual whom a reasonable
person, given the totality of the circumstances, would believe is in need of help.” Corbin, 85 S.W.3d
at 276 (citing Wright, 7 S.W.3d at 151). The community caretaking function, however, is “totally
divorced from the detection, investigation, or acquisition of evidence relating to the violation of a
criminal statute.” Cady, 413 U.S. at 441, 93 S. Ct. at 2528; Corbin, 85 S.W.3d at 276-77. As a
result, a police officer may not properly invoke his community caretaking function if the primary
motivation is a non-community caretaking purpose. Corbin, 85 S.W.3d at 277.
            To determine whether an officer reasonably believes a person needs help, courts look to a list
of four nonexclusive factors: (1) the nature and level of the distress exhibited by the individual; (2)
the location of the individual; (3) whether or not the individual was alone and/or had access to
assistance other than that offered by the officer; and (4) to what extent the individual, if not assisted,
presented a danger to himself or others. Id. (citing Wright, 7 S.W.3d at 151-52).
Analysis
            As we previously noted, the video made by the DPS vehicle clearly showed the marijuana
being tossed out of Appellant’s car while the car was still moving, which was prior to Appellant’s
submitting to the troopers’ “show of authority.” As such, the marijuana was abandoned property,
and the trial court did not err in overruling Appellant’s motion to suppress.
            But even if the marijuana had not been abandoned, it was still admissible. First, both troopers
testified that they observed Appellant failing to maintain a single lane. Because the failure to
maintain a single lane is a traffic violation, this testimony alone was sufficient for the trial court to
conclude that the stop of Appellant was lawful. Additionally, Trooper Reyes testified that
Appellant’s slow speed on an interstate highway and his veering from one lane to another indicated
that he might be intoxicated or falling asleep. Appellant was not alone in the automobile, but there
was no indication that the passenger was awake or that he could assist Appellant. Finally, if
Appellant was having difficulty staying awake or if he was driving while intoxicated, there was a risk
that he could lose control of his vehicle. Thus, he posed a danger to himself, his passenger, and other
drivers on the interstate. Consequently, the trial court, as the exclusive judge of witness credibility
and finder of fact, could have concluded that the troopers were motivated solely by community
caretaking concerns.
            Based upon our review of the record, we conclude that the traffic stop was lawful and that
the seizure of the marijuana, either through abandonment or through the traffic stop, was also lawful.
Consequently, the trial court did not err in denying Appellant’s motion to suppress. Appellant’s four
issues are overruled.
 
Disposition
            Having overruled Appellant’s four issues, the judgment of the trial court is affirmed.

                                                                                                    SAM GRIFFITH 
                                                                                                               Justice

Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)