Opinion issued December 11, 2008

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00502-CR






ANTHONY DUNTE BAILEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1104296






MEMORANDUM OPINION


 A jury found appellant, Anthony Dunte Bailey, guilty of possessing a
controlled substance weighing more than one gram and less than four grams,
enhanced by two prior felony convictions. The court assessed punishment at 25 years
in prison, pursuant to an agreed recommendation. In his sole point of error, appellant
argues that the trial court erred in denying his Motion to Suppress Evidence. 
Appellant argues that his arrest violated the prohibition against unreasonable search
and seizure in the Fourth Amendment of the United States Constitution, as well as
Article 14.01 of the Texas Code of Criminal Procedure. (1)

 We affirm.

Background

 On October 3, 2006, at around 10 p.m., Deputy Jeremiah Jones and his partner,
Deputy Maldonado, observed three men loitering around an apartment complex at
3300 Winbern in Harris County. Deputy Jones exited the car and approached the
men, intending to determine whether they lived at the apartment complex. Appellant
began to walk away from Deputy Jones, while the other two men stayed. Deputy
Jones instructed appellant to stop and provide identification, but appellant continued
to walk away. Deputy Jones repeated his command to stop, at which point appellant
reached into his left pocket and threw a small black box into the bushes next to the
apartment building. Deputy Jones drew his weapon, but appellant continued to walk
away, so Deputy Jones finally grabbed appellant, wrestled him to the ground, and
handcuffed him. Another officer recovered the black box, which was found to
contain eleven white rocks, which tested positive for cocaine and weighed 4.3 grams. 

Standard of Review

 In reviewing the trial court's ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court's determination of facts,
while we conduct a de novo review of the trial court's application of the law to those
facts. Id. During a motion to suppress hearing, the trial court is the sole trier of fact,
and, accordingly, the judge may choose to believe or disbelieve all or any part of the
evidence presented. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000);
King v. State, 35 S.W.3d 740, 742 (Tex. App.--Houston [1st Dist.] 2000, no pet.).

 In reviewing a decision on a motion to suppress, the appellate court must review
the evidence in the light most favorable to the trial court's ruling. See Green v. State,
615 S.W.2d 700, 707 (Tex. Crim. App. 1980); Benefield v. State, 994 S.W.2d 697,
699-700 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). At a suppression hearing,
the trial court is the sole judge of the witnesses' credibility, and the court's finding
should not be disturbed absent a clear abuse of discretion. Meek v. State, 790 S.W.2d
618, 620 (Tex. Crim. App. 1990); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990); Benefield, 994 S.W.2d at 699-700.
Analysis


 Appellant contends that his arrest was illegal because the narcotics recovered at
the scene of his arrest and used to justify his arrest were obtained in violation of the
prohibition against unreasonable search and seizure in the Fourth Amendment to the
United States Constitution.

 The Fourth Amendment to the United States Constitution and Article I, Section
9 of the Texas Constitution guarantee individuals the right to be free from unreasonable
seizures. U.S. Const. amend. IV; Tex. Const. art. I, § 9. A person is considered
"seized" only when a reasonable person would not believe he or she was free to leave,
and (1) when he either submits to a demonstration of authority or (2) physical force is
used to limit movement. See Johnson v. State, 912 S.W.2d 227, 234 (Tex. Crim. App.
1995); Shelley v. State, 101 S.W.3d 606, 610 (Tex. App.--Houston [1st Dist.] 2003,
pet. ref'd). A verbal order to stop, unaccompanied by submission or actual force, does
not constitute a seizure. Shelley, 101 S.W.3d at 610.

 The facts in Crawford v. State are similar to those here. See 932 S.W.2d 672
(Tex. App.--Houston [14th Dist.] 1996, pet. ref'd). In Crawford, appellant was seen
acting suspiciously near a car. Id. at 673. When officers asked appellant to stop, he
started running and, while running, threw down a canister containing crack cocaine. 
Id. The court upheld the legality of the seizure of the cocaine because it was
abandoned before appellant submitted to authority or was subjected to physical force. 
Id. at 674. 

 From the uncontested facts in the case, it is clear that appellant initially received
a verbal order to stop, unaccompanied by submission or actual force. These actions do
not constitute a seizure. See Shelley, 101 S.W.3d at 610. It is also uncontested that
appellant discarded a box containing the illegal narcotics before he submitted to
authority or was subjected to physical force. Therefore, the trial court was correct to
uphold the legality of the seizure of the cocaine so long as the abandonment of the
property was proper. See Crawford, 932 S.W.2d at 674. 

 Abandonment of property occurs if: (1) the defendant intended to abandon the
property and (2) his decision to abandon the property was not due to police misconduct. 
Brimage v. State, 918 S.W.2d 466, 507 (Tex. Crim. App. 1994). It is clear in this case
that appellant intended to abandon the property, but, for the abandonment to be proper,
the decision to abandon must not have come about due to police misconduct. In order
to determine reasonable suspicion for the reasonableness of a temporary detention, we
must examine the totality of the circumstances. See Woods v. State, 956 S.W.2d 33, 38
(Tex. Crim. App. 1997). A temporary detention is justified when the detaining officer
has knowledge of specific facts, which taken together with rational inferences from
those facts, lead him to conclude that the person detained actually is, has been, or soon
will be engaged in criminal activity. Id. 

 In this case, Deputy Jones had attended community meetings regarding narcotic
activity at the 3300 Winbern apartment complex where appellant was apprehended. 
Deputy Jones had been monitoring the location for several weeks, observing hand-to-hand transactions and loitering and making several drug-related arrests in the area. 
Deputy Jones noticed the three men loitering in one of the locations at the complex
where he had routinely seen people running away from his patrol car, engaging in
hand-to-hand narcotic transactions, and conducting gambling operations. Additionally,
Deputy Jones was familiar with many of the residents of this complex, but he did not
recognize any of the three men as being residents. Given his specific knowledge of the
location, the reputation of the apartment complex, and the fact that Deputy Jones did
not recognize the men as living at the complex, it was rational for Deputy Jones to
conclude that three men loitering outdoors in this area at night may have been engaged
or might soon be engaged in criminal activity. Therefore, Deputy Jones's temporary
detention of the three men was justified, and the abandonment of the narcotics was not
due to police misconduct. See Woods, 956 S.W.2d at 38. Because no seizure occurs
when the police take possession of abandoned property, the lawfulness of the arrest is
not relevant. See Crawford, 932 S.W.2d at 673-74.

 We hold that the trial court did not abuse its discretion in denying appellant's
motion to suppress evidence. (2) Accordingly, we need not reach the issue of whether
Deputy Jones' arrest resulted in an illegal search and seizure.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court.



 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. Article 14.01 states:


 (a) A peace officer or any other person, may, without a warrant, arrest an offender
when the offense is committed in his presence or within his view, if the
offense is one classed as a felony or as an offense against the public peace.


 (b) A peace officer may arrest an offender without a warrant for any offense
committed in his presence or within his view.


 Tex. Code Crim. Proc. Ann. art. 14.01 (Vernon 2005).
2. Even though the abandonment theory was not raised at the motion to suppress
hearing, a trial court's ruling on a motion to suppress will be upheld on appeal if it is
supportable in the record on any applicable theory of law. State v. Ross, 32 S.W.3d
853, 855-56 (Tex. Crim. App. 2000).