NUMBER 13-08-00013-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TERRY GOODMAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the Criminal District Court


of Jefferson County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Garza



 Appellant, Terry Goodman, was convicted by a Jefferson County jury of possession
of more than one gram but less than four grams of cocaine, a third-degree felony. See
Tex. Health & Safety Code Ann. § 481.115(a), (c) (Vernon 2003). The offense was
enhanced to a second-degree felony after Goodman pleaded "true" to enhancement
paragraphs in the indictment alleging that he was a repeat felony offender. See Tex.
Penal Code Ann. § 12.42(a)(3) (Vernon Supp. 2008). Goodman was then sentenced by
the trial court to ten years' imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. He now appeals, contending that he was afforded
ineffective assistance of counsel at trial. We affirm.

I. Background

 At around 9:30 p.m. on August 6, 2006, police officers Matthew Laird and Emilio
Romero were patrolling the area around the Castle Motel in Beaumont, Texas in their
marked Beaumont Police Department vehicle. The officers noticed Goodman standing
next to a parked car in the parking lot of the motel. Officer Laird drove the vehicle to where
Goodman was standing. Officer Romero testified that "the car wasn't running. First
thought was auto burglary. That's why we stopped to investigate." As the police vehicle
approached, Goodman began to walk toward a motel room. Officer Romero exited the
vehicle and stated to Goodman, "Hey, police, stop." Goodman did not stop, but proceeded
toward the motel room. Officer Romero continued to pursue Goodman on foot.

 After Officer Romero began his pursuit of Goodman, but before Goodman reached
the motel room, Officer Romero noticed that Goodman had a white tissue in his right hand. 
Officer Romero testified what happened next as Goodman approached the motel room: 

Q (State's attorney) What is the next thing you remember happening?


A (Officer Romero) He's pushing this door open and he throws the white
tissue to the ground inside of this room.


 . . . .


Q Okay. And, so, how far behind you--How far in front of
him--Mr. Goodman are you or where are you and Mr.
Goodman as far as that door is concerned when you
see him [throw the tissue to the ground]?


A By the time he makes this corner, I close on him. 
(Indicating) He opens the door and breaks the
threshold of the door and that's where I make contact
with him from behind.


Q How far into the door [sic] do you think he is when you
grab him?


A About a foot.


Q About a foot. All right. And, that's when
basically--How many steps do you think that you took
before you had to get him after he threw the object?


A I barely broke the threshold of that bedroom.


Q So, matter of seconds?


A Right.


The discarded tissue contained four bags of what was later confirmed as 1.7 grams of
powder cocaine.

 Goodman was tried on November 7, 2007 and was convicted of possession of more
than one gram but less than four grams of cocaine. See Tex. Health & Safety Code
Ann. § 481.115(a), (c). This appeal followed.

II. Discussion

 By his sole issue, Goodman contends that his trial counsel provided ineffective
assistance because he failed to challenge the admissibility of the drug evidence, either by
filing a motion to suppress or by objecting to the evidence at trial. Goodman further
contends that, had a motion to suppress been filed or an objection made, there is a
reasonable likelihood that the evidence would have been deemed inadmissible and he
would not have been convicted.

A. Standard of Review

 To establish ineffective assistance of counsel, Goodman must show (1) his
attorney's representation fell below an objective standard of reasonableness, and (2) there
is a reasonable probability that, but for his attorney's errors, the result of the proceeding
would have been different. Strickland v. Washington, 466 U.S. 668, 684 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Jaynes v. State, 216
S.W.3d 839, 851 (Tex. App.-Corpus Christi 2006, no pet.). Whether this test has been
met is to be judged on appeal by the totality of representation, not by any isolated acts or
omissions. Jaynes, 216 S.W.3d at 851. The burden rests on the appellant to prove
ineffective assistance of counsel by a preponderance of the evidence. Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing Cannon v. State, 668 S.W.2d 401, 403
(Tex. Crim. App. 1984)). Our review of counsel's representation is highly deferential, and
we will find ineffective assistance only if the appellant overcomes the strong presumption
that his counsel's conduct fell within the wide range of reasonable professional assistance. 
See Strickland, 466 U.S. at 689; Jaynes, 216 S.W.3d at 851. Moreover, the acts or
omissions that form the basis of appellant's claim of ineffective assistance must be
supported by the record. Thompson, 9 S.W.3d at 814; Jaynes, 216 S.W.3d at 851. A
silent record which provides no explanation for counsel's actions usually will not overcome
the strong presumption of reasonable assistance. Mallett v. State, 65 S.W.3d 59, 63 (Tex.
Crim. App. 2001); Thompson, 9 S.W.3d at 813-14.

 When an appellant contends that his trial counsel erred by failing to file a motion to
suppress evidence, the appellant must show that the motion would have been granted in
order to satisfy Strickland. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

B. Analysis

 Goodman contends that the police officers had no reasonable suspicion to detain
him and therefore that the drug evidence was inadmissible as the fruit of an unlawful
seizure. See U.S. Const. amend. IV (prohibiting unreasonable searches and seizures);
Tex. Const. art. I, § 9 (same); Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005)
(stating that evidence obtained in violation of any constitutional provision is inadmissible).

 Police officers may briefly stop a suspicious individual in order to determine his
identity or to maintain the status quo momentarily while obtaining more information. Terry
v. Ohio, 392 U.S. 1, 21 (1968); Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App.
1994). To justify a brief investigative detention, the officer must be aware of specific,
articulable facts which, in light of his experience and personal knowledge, together with
reasonable inferences therefrom, would warrant detaining the suspect. Gurrola, 877
S.W.2d at 302.

 Goodman asserts that "[a] person standing next to a parked car, under a carport,
with the engine off, at a motel, is not enough to indicate that person may be, has been, or
is about to be involved in a crime." Moreover, Goodman notes correctly that, when there
is no probable cause to effect an arrest, a person has a constitutional right "to walk away
and not answer any questions put to him without such action creating reasonable suspicion
in the mind of the officer that criminal activity [is] afoot." Id.

 The State disagrees that the officers lacked probable cause, and it further argues
that Goodman abandoned the drug evidence prior to being detained. See Clapp v. State,
639 S.W.2d 949, 953 (Tex. Crim. App. 1982) ("[W]hen police take possession of
abandoned property, there is not a seizure under the Fourth Amendment."). Without
determining whether the officers had probable cause to detain Goodman, we agree with
the State that the drug evidence was abandoned by Goodman prior to his being seized and
so the evidence was admissible.

 Our analysis turns on the precise definition of "seizure" as provided by case law. 
Goodman relies primarily on Hawkins v. State, 758 S.W.2d 255, 259 (Tex. Crim. App.
1988), in contending that a seizure occurred before the time he abandoned the cocaine. 
In Hawkins, police began a pursuit of the appellant without probable cause. Id. As
appellant was being chased, he dropped a paper bag containing cocaine and heroin. Id.
at 257. Police recovered the bag, which was later used as evidence to convict appellant. 
Id. Finding that appellant's motion to suppress the evidence should have been granted,
the Hawkins Court noted that "abandonment, like consent, must be freely given to be
effective." Id. at 258 (citing United States v. Morin, 665 F.2d 765, 770 (5th Cir. 1982)). 
The Court reasoned that the "appellant's decision to abandon the evidence was a direct
result of the [police] misconduct, since the police had no specific and articulable facts on
which to base a valid investigative stop." Id. at 260. The Court further held that "a person
has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the
circumstances surrounding the incident, a reasonable person would have believed that he
was not free to leave." Id. at 259 (citing United States v. Mendenhall, 446 U.S. 544, 554
(1980)). Because the appellant was "seized" at the time the contraband was recovered,
the evidence was inadmissible as the fruit of an unlawful seizure. Id. at 260.

 The Hawkins Court cited Comer v. State, 754 S.W.2d 656, 659 (Tex. Crim. App.
1988) (op. on reh'g), which involved a very similar fact situation--a suspect discarded
contraband as police were pursuing him without probable cause. Even though Comer
"abandoned" the contraband, such "abandonment" was the "direct result of the police
misconduct" and so the evidence was improperly admitted. Id. The Court in Comer found
"no meaningful constitutional distinction between the situation where, because of police
unlawfulness, the police search an individual and find contraband and the situation where,
because of police unlawfulness, the individual throws or drops an object to the ground and
the police seize it." Id. The Court noted that "[i]n both instances the evidence is subject
to being suppressed because it was the direct result of initial police misconduct" and that
"such unlawfully obtained evidence should always be suppressed and should never be
used to convict the accused." Id.

 However, three years after Comer and Hawkins, the United States Supreme Court
decided California v. Hodari D., 499 U.S. 621 (1991). In Hodari D., as in Hawkins, Comer,
and the instant case, the appellant discarded contraband as he was being pursued by
police. In an opinion announced by Justice Scalia, a majority of the Court affirmed the rule
that a person is seized "only if" a reasonable person would not believe he or she was free
to leave. Id. at 627-28. However, the majority explained that this is "a necessary, but not
a sufficient, condition for seizure." Id. at 628 (emphasis in original). Rather, in order for
a police action to constitute a seizure, one of two additional conditions must be met: (1)
the suspect must be subjected to a "show of authority" and he or she must yield thereto;
or (2) physical force must be used to limit the suspect's movement. Id. at 627. In Hodari
D., the Court upheld the legality of the seizure of the contraband because it was
abandoned before the defendant submitted to authority, and before he was subjected to
physical force. Id. at 629.

 In Johnson v. State, the Texas Court of Criminal Appeals expressly adopted the
holding in Hodari D. and determined that the Texas Constitution does not extend beyond
the federal seizure standard. 912 S.W.2d 227, 235-36 (Tex. Crim. App. 1995) ("A show
of authority, without an application of physical force, to which a suspect does not yield is
not a seizure under the Fourth Amendment."); see Crawford v. State, 932 S.W.2d 672, 674
(Tex. App.-Houston [14th Dist.] 1996, pet. ref'd) ("A verbal order to stop unaccompanied
by submission or actual force does not constitute a seizure."); Sheppard v. State, 895
S.W.2d 823, 824 (Tex. App.-Corpus Christi 1995, pet. ref'd).

 Here, even assuming that the police lacked probable cause to arrest
Goodman--which is a point not conceded by the State--the drug evidence was
nevertheless admissible because Goodman neither submitted to Officer Romero's show
of authority nor was he subjected to physical force at the time he abandoned it. See
Hodari D., 499 U.S. at 629; Johnson, 912 S.W.2d at 235-36. The somewhat peculiar result
of this rule is that, had Goodman held onto the contraband until after he was apprehended,
the evidence would have been the fruit of an unlawful seizure and would have been
inadmissible if Officer Romero lacked probable cause. However, because Goodman
discarded the contraband prior to being "seized" as defined by the courts, the evidence is
admissible. This remains the case even though, assuming no probable cause existed for
the seizure, Goodman's relinquishment of the contraband was indisputably the "direct
result of police misconduct." See Comer, 754 S.W.2d at 659. We are cognizant that this
rule may encourage police officers to initiate pursuits of suspects without probable cause,
with the expectation that the suspect will not be aware of the rule and may discard
contraband prior to the eventual illegal detention. See Hodari D., 499 U.S. at 630
(Stevens, J., dissenting) ("In its decision, the Court assumes, without acknowledging, that
a police officer may now fire his weapon at an innocent citizen and not implicate the Fourth
Amendment--as long as he misses his target."). Nevertheless, we are not at liberty to
ignore binding precedent, and neither is the trial court.

 We therefore conclude that there was no reasonable probability that, had
Goodman's trial counsel filed a motion to suppress or objected to the drug evidence at trial,
the evidence would have been excluded. See Strickland, 466 U.S. at 684. Accordingly,
Goodman's issue is overruled.

III. Conclusion

 We affirm the judgment of the trial court.


 

 DORI CONTRERAS GARZA,

 Justice

Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 11th day of June, 2009.